STATE OF CONNECTICUT v. WALTER TORRES
(7788)

SPALLONE, O'CONNELL and NORCOTT, Js.

Argued March 7—decision released May 22, 1990

*Temmy Ann Pieszak,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellant (defendant).

*Carolyn K. Longstreth,* assistant state's attorney, with whom were, *Robert Katz,* assistant state's attorney, and, on the brief, *Eugene Callahan,* state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals his conviction, after a jury trial, of the crime of possession of narcotics in violation of General Statutes § 21a-279 (a). He claims that the trial court erred in denying his motions to suppress statements elicited by the police in violation of his constitutional rights. We find no error.

The jury could reasonably have found that on the morning of April 17, 1988, the Norwalk police executed a search warrant at the defendant's home. The defendant, his common-law wife, his mother and his two children were detained in the kitchen during the search. The officers discovered cocaine and drug paraphernalia in open view on the master bedroom nightstands. The adult occupants of the apartment were then informed of their arrest for narcotics offenses and for risk of injury to children. The officers did not question the defendant and he was not warned of his rights under *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Further search of the apartment revealed additional cocaine and drug paraphernalia, a police scanner and a cache of weapons.

At the conclusion of the search, the defendant stated to the police that the drugs belonged to him, not to his

wife or mother. The defendant made a similar statement later at the police station after being advised of his right to remain silent and to have counsel. The defendant testified on his own behalf at trial and again admitted to owning the drugs. The defendant was convicted of the crime of possession of narcotics, and this appeal followed.

The defendant claims on appeal that his statements to the police should have been suppressed as the fruit of custodial interrogations conducted in violation of his constitutional rights. As to the statement made in his apartment, he claims that, although he had not been advised of his right to remain silent, the police elicited his admission by arresting his mother, a "powerful psychological ploy functionally equivalent to interrogation." As to the defendant's statement at the police station, he claims that he made the statement only after police questioning continued despite his refusal to waive his *Miranda* rights. The state argues that neither claim was distinctly raised at trial and should not now be reviewed.

We need not decide whether the defendant's pretrial statements were improperly obtained and therefore improperly admitted into evidence, nor need we decide if the defendant's claims were properly preserved for appeal. Even the erroneous admission of a defendant's pretrial statements does not automatically require reversal if the defendant testifies to the same matter without compulsion. *State* v. *Hoeplinger*, 206 Conn. 278, 289–90, 537 A.2d 1010 (1988). The state bears the burden of showing that the defendant was not induced to take the witness stand in order to overcome the impact of any illegally obtained confessions. Id., 291–92. Subsequent confessions, however, will not be presumed to have been coerced merely because the defendant knew that "the cat" was already "out of the bag." *Oregon* v. *Elstad*, 470 U.S. 298, 307, 105 S. Ct. 1285, 84 L. Ed. 2d 222 (1985).

The defendant acknowledged several times during his testimony at trial that the cocaine found in the search of the apartment was his. Because these admissions were consistent with his pretrial statements, the defendant cannot claim that he was forced to testify in order to refute his prior confessions. See id., 316–17. The possibility that he would have refused to testify if his pretrial statements had not been admitted during the state's presentation "is too remote to warrant serious consideration in view of [this] general consistency . . . ." *State* v. *Marino,* 190 Conn. 639, 657, 462 A.2d 1021 (1983).

The record reveals that the defendant's trial testimony was the result of a wholly voluntary tactical decision. His decision to take the stand was made with full awareness that his prior statements, even if illegally obtained, would be available for cross-examination as to his credibility if there were inconsistencies. See id., 656. Taking the stand to admit possession but to deny trafficking in narcotics was probably a significant factor in his being acquitted of the charge of possession with intent to sell. See id.

The admissible evidence of narcotics seized in the defendant's apartment and his incriminating admissions at trial "constitute the 'overwhelming evidence' necessary to render harmless many errors at trial . . . [including] any reasonable possibility that the jurors were influenced by the improper admission of his [prior] statements . . . ." *State* v. *Shifflett,* 199 Conn. 718, 752–53, 508 A.2d 748 (1986). We hold, therefore, that the admission into evidence of the fruit of the alleged police interrogations, even if illegal, could not possibly have affected the jury's judgment in this case.

There is no error.

In this opinion the other judges concurred.